UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――

F.N., *individually and on behalf of I.N., a child with a disability*,

                       Plaintiffs,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION.,

                       Defendant.

21-CV-3379 (JPO)

OPINION AND ORDER

――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      On behalf of herself and her minor child, I.N., Plaintiff F.N. filed this lawsuit against Defendant New York City Department of Education ("DOE"), claiming to have prevailed against DOE in an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). She seeks $49,681.40[1] in total attorney's fees and costs under the statute's fee-shifting provision, *see* 20 U.S.C. § 1415(i)(3). (Dkt. No. 1 ("Compl."); Dkt. No. 15 at 10.)  Plaintiff moves for summary judgment on her request for attorney's fees and costs. (Dkt. No. 14.)  For the following reasons, Plaintiff's motion is granted in part and denied in part.

**I.     Background**

      None of the following facts are in dispute.  I.N. is a child with a disability as defined by IDEA.  (Dkt. No. 21 ¶ 2.)  On December 4, 2018, Plaintiff filed a due process complaint

---

[1] The Court takes this amount from Dkt. No. 15 at 10 and Dkt. No. 19 at 25, as it is the amount Plaintiff briefed and also, fortuitously, the lowest number they claim.  The Court notes, however, that the summary sheets at Dkt. Nos. 15-1 and 15-2, which purport to also tally the requested fees, add up to $50,425.86, and DOE understands Plaintiff to seek $50,859.76, *see* Dkt. No. 27 at 7.  Nonetheless, because the Court concludes that Plaintiff's requested fees must be reduced, but by less than Defendants urge, the parties' ultimate tallies are irrelevant to the conclusion of this matter.

("DPC") claiming that DOE did not provide I.N. with a free appropriate public education ("FAPE") during the 2016-2017 and 2017-2018 school years. (Dkt. No. 21 at ¶ 6.) On January 2, 2019, Plaintiff filed an amended DPC, claiming instead a denial of FAPE during the 2017-2018 and 2018-2019 school years. (Dkt. No. 21 at ¶¶ 8, 11.) Plaintiff requested as relief that Defendant classify I.N. as a student with a disability, that Defendant complete an assistive technology evaluation for I.N., that Defendant fund an independent neuropsychological evaluation, and that Defendant supply compensatory academic services to I.N. (Dkt. No. 21 at ¶¶ 9, 11.)

On May 28, 2019, DOE's Committee on Special Education held a meeting and classified I.N. as a student with a disability, thereby granting relief on one of Plaintiff's claims. (Dkt. No. 21 ¶ 12.) On October 10, 2019, Vanessa Gronbach, the appointed impartial hearing officer (IHO), held a hearing on the merits of Plaintiff's remaining claims. (Dkt. No. 21 ¶ 13.) At this hearing Plaintiff entered documentary evidence into the record and presented direct testimony from Plaintiff F.N. (Dkt. No. 21 ¶ 14.) Defendant did not call witnesses or present a case at the hearing. (Dkt. No. 21 ¶ 15.)

On January 3, 2020, IHO Gronbach issued a Findings of Fact and Decision ("FOFD") finding a denial of FAPE and ordering the following relief for I.N.: the creation of a bank of four hundred hours for academic tutoring services, an independent neuropsychological evaluation, an independent assistive technology evaluation, an independent functional behavioral assessment, and a reconvening of the Defendant's Committee on Special Education. (Dkt. No. 21 ¶ 16.) DOE did not appeal the IHO's decision.

Plaintiff filed this action on April 16, 2021. (Dkt. No. 1.) The parties engaged in settlement discussions but were unsuccessful. (Dkt. No. 8, Dkt. No. 27 at 2–3.)

**II.     Discussion**

The IDEA provides that district courts, in their discretion, may award attorney's fees and costs to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i). A party "prevails" when "actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014) (internal quotation marks and alterations omitted). The fees may be reduced under 20 U.S.C. § 1415(i)(3)(F), unless the court concludes that the "local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section," 20 U.S.C. § 1415(i)(3)(G).

To determine the attorney's fees to which a party is entitled, a court must calculate each attorney's and paralegal's "presumptively reasonable fee." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014). "When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in *Johnson v. Georgia Highway Express Inc.*" *R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019). The factors considered include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F. 3d 222, 228 (2d Cir. 2019) (citing *Johnson*, 2019 WL 4735050).

A. **Protraction of the Final Resolution**

The parties do not dispute that Plaintiff is a "prevailing party," but they do dispute what constitutes reasonable attorney's fees. Before turning to this calculation, the Court first addresses Plaintiff's argument that the fees should not be reduced at all because DOE unreasonably protracted the final resolution of the action by (1) failing to hold a mandatory resolution meeting prior to the hearing and (2) failing to settle the matter prior to the hearing, even though DOE did not mount a defense. (Dkt. No. 19 at 8–9.)

The Court concludes that any protraction on DOE's part did not rise to the level of being "unreasonable." It is true that Defendant's failure to participate in a mandatory resolution session and settle the matter before the hearing necessitated the IHO hearing, which naturally increased Plaintiff's counsel's work in connection with the proceeding. But Plaintiff offers no evidence beyond this fact to establish that this delay was "unreasonable." Nor does Plaintiff offer any citations to support her position — likely because the case law supports the opposite conclusion. Indeed, courts in this Circuit have consistently denied similar claims on similar facts.

In *D.P. v. New York City Department of Education*, for example, the court found that though DOE's failure to hold a mandatory resolution session necessitated a hearing before an IHO, at which DOE presented no defense, this did not constitute "unreasonable" delay. No. 21 Civ. 27, 2022 WL 103536, at *12 (S.D.N.Y. Jan. 10, 2022). In *R.G. v. New York City Department of Education*, the court found "no merit" to Plaintiff's argument that DOE unreasonably protracted the administrative proceedings, though DOE did not follow through on initial indications that it would settle the matter and arrived late and unprepared for a hearing. No. 18 Civ. 6851, 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019). And in *S.J. v. New York City Department of Education*, the court concluded that there was no unreasonable delay, No. 20

4

Civ. 1922, 2021 WL 100501, at *4 (S.D.N.Y. Jan. 12, 2021), *aff'd* No. 21-240-CV, 2022 WL 1409578, at *1 (2d Cir. May 4, 2022), though Plaintiff argued that DOE's representative failed to schedule a resolution session, required that the hearing be adjourned (resulting in the award being issued 170 days after the filing of the DPC), and was slow to implement the relief awarded by the IHO. *See* Plaintiffs' Memorandum of Law in Support of Summary Judgment at 6–8, in *S.J.* 2021 WL 100501, Dkt. No. 36 at 6–8. *See also K.O. v. N.Y.C. Dep't of Educ.,* No. 20 Civ. 10277, 2022 WL 1689760, at *14 (S.D.N.Y. May 26, 2022) (collecting cases). The Court here similarly concludes that any delay that DOE may have caused did not approach being "unreasonable."

### B. Reasonable Fees

The Court now turns to calculating the presumptively reasonable fees for Plaintiff's counsel. As with all summary judgment motions, "all evidence must be viewed in the light most favorable to the non-moving party." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *2 (S.D.N.Y. Sept. 14, 2018) (internal quotation marks omitted).

#### 1. Hourly Rates

Plaintiff contends that Andrew Cuddy and Nina Aasen, two of the firm's senior attorneys, are entitled to $550 per hour; Kevin Mendillo, the lead attorney during the hearing and federal action in this case, to $450 per hour; Charles Rooker, who served as lead counsel through June 2019, to $400 an hour; the six paralegals who worked on the matter to $225 per hour; and John Cuddy, who is not yet admitted to the New York bar, to $150 an hour. (Dkt. No. 19 at 12–14; Dkt. No. 15-1 at 1; Dkt. No. 15-2 at 1.) DOE argues that based on the *Johnson* factors and recent attorney's fee cases in this district involving Plaintiff's counsel's firm (the Cuddy Law Firm, or "CLF"), the rates should be reduced as follows: A. Cuddy and Aasen should be

5

compensated at $375 per hour; Medillo at $275 per hour; Rooker at $225 per hour; and paralegals at $100 per hour. (Dkt. No. 27 at 2-3.) Doe does not offer a rate for J. Cuddy.

The Court agrees with DOE that the requested rates must be reduced. The case did not involve any "novel or difficult questions"; rather, "the issues raised were like those in many other DPC proceedings in this District," including many cases in which CLF served as Plaintiff's counsel. *M.D. v. New York Dep't of Educ.*, No. 20 Civ. 6060, 2021 WL 3030053, at *3 (S.D.N.Y. July 16, 2021). The DPC in this case was only six pages long. (Dkt. No. 16-1; Dkt. No. 16-2.) Nor was the action highly contested; DOE granted some of the requested relief prior to the impartial hearing and did not present a defense. (Dkt. No. 21 ¶ 12.) Moreover, the rates requested by CLF in this case far exceed those awarded to them for similar cases litigated within the same time frame. For example, in *M.D. v. New York Department of Education*, the court explained that "a rate of $375 per hour [for senior CLF attorneys] is in line with what similar attorneys would receive in the Southern District of New York in this matter and is an amount a reasonable client would pay." 2021 WL 3030053, at *3 (awarding this rate for a three-hour hearing in which CLF introduced 54 pieces of evidence). *See also S.J.*, 2022 WL 1409578, at *1 (affirming a rate of $360 per hour for senior CLF attorneys for a case primarily litigated in 2018); *R.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 4054, 2022 WL 1239860, at *4 (S.D.N.Y. Apr. 27, 2022) (awarding a rate of $375 per hour for senior CLF attorneys for a case primarily litigated in 2020).

Taking into consideration this information as well as the relevant *Johnson* factors, the Court concludes that a reasonable rate for Cuddy and Aasen is $375 per hour. Though courts in this District have occasionally awarded senior IDEA practitioners higher hourly rates, this is generally awarded when the impartial hearing was heavily contested and involved more complex

matters than at issue here. *See, e.g.*, *Y. G. v. N.Y.C. Dep't of Educ.,* No. 21 Civ. 641, 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022) (awarding CLF their requested rates, the same as in the instant case, in a case that was "heavily contested" and involved "multiple days of hearings and five hearings on the merits"); *C.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7337, 2019 WL 3162177, at *6 (S.D.N.Y. July 2, 2019) (awarding Cuddy $400 an hour for contested administrative hearing that lasted almost 10 hours). In this case, by contrast, the single hearing lasted 41 minutes, DOE did not mount a defense, and the records reflect that the work performed by Cuddy and Aasen consisted primarily of review and supervision. (Dkt. No. 21-1; Dkt. No. 15-1.)

The Court concludes that a rate of $300 per hour is reasonable as to Mendillo. Mendillo is a 2010 law school graduate and was admitted to the New York bar in June 2011. (Dkt. No. 16 ¶ 3.) He has been employed by CLF since January 2014 and has represented parents in over one hundred impartial due process hearings. (Dkt. No. 16 ¶ 4.) In reaching this conclusion, the Court notes again that the DPC did not raise especially novel or complex issues. (Dkt. No. 16 ¶ 21.) This rate is also consistent with what other courts in this district have awarded Mendillo for his service as a lead counsel during similar administrative proceedings. *See, e.g.*, *R.P.*, 2022 WL 1239860, at *4 (collecting cases.) Additionally, the Court concludes that his hourly rate for travel, which was reduced to $225 per hour at the discretion of the law firm (*see* Dkt. No. 1-1 at 1), should be further reduced to $150 per hour.

Though Mendillo was lead counsel at the hearing, Rooker completed most of the initial work in the action. (Dkt. No. 16 at 3.) Rooker was admitted to the bar in 2009, but first gained special education experience when he joined CLF in 2018. (Dkt. No. 15 at ¶¶ 15-16.) Though the Court recognizes that many legal skills are transferable, due to Rooker's relative inexperience

in special education law, the Court concludes that an appropriate rate for Rooker is $250 per hour. *See, e.g.*, *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632, 2018 WL 3769972, at *7 (S.D.N.Y. Aug. 9, 2018) ("For associates with three or fewer years of experience in [IDEA] litigation, courts in this District have typically approved rates of $150–$275."). CLF also requests a rate of $150 for work performed by J. Cuddy, who was not admitted to the New York bar at the time he worked on this action. The Court concludes that this rate is reasonable, and so awards $150 for the work performed by J. Cuddy.

Finally, the Court considers the appropriate rate for the paralegals who worked on this action. "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G.*, 2019 WL 4735050, at *3 (collecting cases). "With evidence of specialized qualifications, paralegals typically receive an hourly rate of $120 or $125." *C.B.*, 2019 WL 3162177, at *9; *M.D.*, 2018 WL 4386086, at *3. Of the paralegals who performed work on this matter, the Court therefore finds it is reasonable to award a rate of $120 per hour for the work performed by Shobna Cuddy, Sarah Woodard, and Amanda Pinchak, in recognition of their previous specialized experience and credentials. (Dkt. No. 15 ¶¶ 18, 21, 22.) For the remainder, the Court concludes that a rate of $100 per hour is reasonable. *See, e.g.*, *R.G.*, 2019 WL 4735050, at *3 ("When the fee-seeking party fails to explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted.").

### 2. Hours billed

"Hours that are excessive, redundant, or otherwise unnecessary are to be excluded from fee awards." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted). In order to calculate an appropriate award, the district court may identify specific

hours that should be disregarded, or it may choose to reduce the award by a reasonable percentage. *See R.G.*, 2019 WL 4735050, at *3.

For the administrative action, CLF requests 98.90 hours in total after a 17.80-hour discretionary reduction. (Dkt. No. 15-1 at 1.) For the federal fee action, CLF requests 29.10 hours after a .20-hour discretionary reduction. (Dkt. No. 15-2 at 1.) DOE argues that these hours are excessive, noting that courts in this district have frequently found that CLF employs excessive billing practices and accordingly reduced the firm's overall hours.

First, the Court considers CLF's billing during the administrative hearing process. DOE contends that CLF engaged in excessive billing throughout. DOE notes that Rooker billed 16.5 hours to draft the 6-page DPC, and that he later spent an additional 1.5 hours to amend the DPC to correct erroneous allegations. (Dkt. No. 27 at 16-17.) DOE also notes that Rooker billed time for documents that were apparently never submitted to the IHO, and that Rooker and Mendillo, who took over the case after Rooker left CLF, appear to have duplicated work. (Dkt. No. 27 at 18.) DOE also argues that Mendillo spent excessive time preparing for the 41-minute hearing, which was essentially uncontested. *Id.* DOE further argues that Mendillo's travel time from Auburn, New York, ought to be struck or, in the alternative, reduced to one hour each way. (Dkt. No. 27 at 19.) And finally, DOE argues that CLF billed excessively for post-hearing procedures and implementation, as well as administrative tasks. For example, DOE notes that both a paralegal and A. Cuddy billed for preparation of the administrative billing statement for this case. (Dkt. No. 27 at 18.) They also contend that much of the post-hearing work done by Mendillo could have been delegated to a paralegal. (Dkt. No. 27 at 19.) DOE therefore argues that CLF's hours should be reduced by 50 percent.

The Court agrees with DOE that the hours billed were "excessive" and thus warrant reduction. Factors that support this conclusion include the relatively low complexity of the issues at hand, the brevity of Plaintiff's written submission, and the short length of the uncontested hearing. The Court also notes that several of the hours billed relate to apparent errors in the first DPC. *See Harris v. Fairweather,* No. 11 Civ. 2152, 2012 WL 3956801, at *8 (S.D.N.Y. Sept. 10, 2012), *report and recommendation adopted,* No. 11 Civ. 2152, 2012 WL 5199250 (S.D.N.Y. Oct. 19, 2012) ("In determining the reasonableness of the requested attorneys' fees, the Court considers the quality of the work done by the attorneys."). On the other hand, the Court also recognizes that while the administrative hearing was uncontested, Mendillo could not have foreseen this and would have been required to prepare regardless.

Accordingly, the Court finds that CLF's hours for the administrative action should be reduced, but that a more modest reduction of 20 percent is appropriate. This reduction is in line with the reductions applied in other CLF fee actions in this district where the underlying administrative actions were of similar complexity. *See, e.g., R.P.*, 2022 WL 1239860, at *5 (collecting cases); *see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal citation marks omitted). The Court also agrees that Mendillo's billable travel time must be reduced. As other courts in this district have noted, "it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip." *J.R. v. N.Y.C. Dep't of Educ.,* No. 19 Civ. 11783, 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021). Accordingly,

Mendillo's travel time is reduced to one hour in each direction for a total of two hours. The award for the administrative action is therefore as follows:

| Administrative Action | | | |
|---|---|---|---|
| **Name** | **Adjusted Rate** | **Adjusted hours** | **Total adjusted fees** |
| A. Cuddy | $375 | 2.64 | $990 |
| Rooker | $250 | 30.16 | $7,540 |
| Mendillo Travel | $150 | 2 | $300 |
| Mendillo | $300 | 21.2 | $6,360 |
| Aasen | $375 | 2.8 | $1,050 |
| Bunnell | $100 | 0.48 | $48 |
| Pinchack | $120 | 6.88 | $826 |
| Meghezzi | $100 | 1.92 | $192 |
| O'Donnell | $100 | 1.44 | $144 |
| S. Cuddy | $120 | 2.4 | $288 |
| Woodard | $120 | 1.2 | $144 |
| | | **Total:** | **Total:** |
| | | 73.12 | $17,882 |

As for the instant federal action, DOE argues that if the Court concludes that CLF is entitled to less than the $21,022.50 DOE offered CLF to settle this fee action on August 5, 2021, CLF is barred from recovering for work beyond that date. (*See* Dkt. No. 27 at 2.)

CLF argues that there is no bar here because Plaintiff had "substantial justification" for rejecting DOE's offer of settlement. (Dkt. No. 19 at 24.) First, CLF argues that DOE was relying on historical rates to arrive at its proposed offer, and second, CLF objects to DOE's inclusion of a waiver of their right to claim interest on the settlement amount. (*See* Dkt. No. 19 at 24.)

This argument is unpersuasive. First, CLF offers little evidence to support its conclusory supposition that DOE relied on historical rates to arrive at its settlement offer. And, even if DOE consulted recent court decisions in arriving at its fee determination, a fair reading shows that

these court decisions consider and reflect the prevailing market rates in the New York area within the relevant time frames, as well as case-specific factors, and do not merely "recycle" rates. (*Cf.* Dkt. No. 19 at 11.) Second, were DOE to delay payment past the ninety-day statutory period for a municipality to pay all sums to a settling plaintiff, *see* N.Y. C.P.L.R. § 5003-a, by law F.N. could bring a separate action seeking an award of interest on the settlement amounts. Indeed, CLF is well aware of this option — not only does it mention it in its briefing, but it references previous cases in which CLF pursued and obtained post-judgment interest on fee awards. *See, e.g.*, *D.M. v. N.Y.C. Dep't of Educ.*, No. 19Civ. 1477, 2021 WL 4441508, at *2 (S.D.N.Y. Sept. 28, 2021) (granting CLF the settlement amount of $28,000 plus 9 percent interest because DOE failed to tender payment within ninety days of the settlement); *C.S. v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 11419, 2021 WL 1851366, at *3 (S.D.N.Y. Apr. 8, 2021) (awarding CLF 9 percent interest on a settlement that DOE failed to pay within the required ninety-day period). Plaintiff has offered no evidence that the waiver included in the settlement offer could, or would, prevent her from pursuing this statutorily required option.

Accordingly, this Court agrees with DOE that Plaintiff is not entitled to fees for any work performed after April 5, 2021. Under the IDEA's fee-shifting provisions, a court may not award attorney's fees and related costs "subsequent to the time of a written offer of settlement to a parent if" the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(d)(i). *See H.C. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 844, 2021 WL 2471195, at *11 (S.D.N.Y. June 17, 2021) (declining to award any fees or costs incurred after the date of DOE's written offer because the plaintiffs were entitled to less in fees and costs); *cf. C.G. v. Ithaca City School Dist.*, 531 F. App'x. 86, 88 (2d Cir. 2013) (holding that the prohibition did not apply because the administrative relief obtained

by the plaintiff was more favorable than the settlement offer). That is the case here; were the case to have stopped on August 5, 2021, DOE's settlement offer exceeds the amount Plaintiffs will ultimately receive for that period. Accordingly, Plaintiff is not entitled to any fees for work performed after August 5, 2021.

This decision renders many of DOE's arguments as to CLF's excessive billing on the federal action moot, as much of the work to which DOE specifically objects occurred after they offered settlement. DOE still contends, however, that CLF spent excessive time before this date, and DOE argues for an across-the-board 50 percent reduction in hours. DOE points out, for example, that CLF spent 4.8 hours drafting and filing the 5-page complaint, much of which is boilerplate. In light of the straightforward nature of this action, this Court agrees but finds again that a more modest 20-percent reduction in time is appropriate. *See, e.g.*, *R.P.*, 2022 WL 1239860 at *7. The award for the administrative action is therefore as follows:

| Federal Action | | | |
|---|---|---|---|
| Name | Adjusted Rate | Adjusted Hours | Total Adjusted fees |
| Mendillo | $300 | 3.36 | $1,008 |
| A. Cuddy | $375 | 0.32 | $120 |
| J. Cuddy | $150 | 2.48 | $372 |
| S. Cuddy | $120 | 0.64 | $77 |
| | | Total: 6.8 | Total: $1,577 |

3.      **Fees and Other Expenses**

DOE finally argues that the Court should reduce CLF's claimed expenses for photocopying, lodging, parking, and meal costs, as well as Mendillo's mileage and toll fees. The Court agrees. The Court finds that CLF's claimed expenses should be reduced as follows: (1) reducing photocopying expenses to $.10 per page, *see S.J.*, 2021 WL 100501, at *5; (2)

deducting Mendillo's lodging, parking, and meal costs related to his trip to Brooklyn for the hearing, *see R.G.*, 2019 WL 4735050, at *6; (3) reducing Mendillo's mileage and toll fees to $60, *see id.*; and (4) deducting Plaintiff's request for reimbursement of fax expenses, *see id.*

| Fees | |
|---|---:|
| Postage | $2.40 |
| Printing Costs | $3.60 |
| Toll & Mileage | $60 |
| Filing Fee (Federal Action) | $402 |
| | **Total:** |
| | $468.00 |

C.   **Summary of Award**

Based on the foregoing, the Court awards Plaintiff's counsel a total of $19,927, inclusive of all fees and costs. As discussed *supra*, "[p]ursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks omitted). Accordingly, F.N. is entitled to post-judgment interest according to statute. The revised total award is summarized below:

| Summary | |
|---|---:|
| Administrative Action | $17,882 |
| Federal Action | $1,577 |
| Fees | $468.00 |
| | **Total:** |
| | $19,927 |

### III.     Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED in part and DENIED in part. Plaintiff is awarded a total of $19,927 in attorney's fees and costs. The Clerk of Court is respectfully directed to close the motion at Docket Number 14 and close this case.

SO ORDERED.

Dated: August 18, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge